IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEXTER J. SCOTT, | ) |
| | ) Case No. 5:23-cv-00566 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO DISMISS THE COMPLAINT**

Defendants United States of America and Department of the Treasury-Internal Revenue Service (the "United States" or "IRS") hereby respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff Dexter J. Scott's (the "Plaintiff") Complaint ("Complaint"), filed October 10, 2023, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

Although it is not entirely clear in the Complaint what arguments the Plaintiff is making and what relief she is requesting, the Plaintiff asserts that she is not subject to taxation as she is a "transient foreigner." (Dkt. 1, p. 7.) The Plaintiff appears to assert that the IRS cannot take collection action against her, by issuing notice of federal tax liens or levies, either because she is not subject to the tax laws, or because the tax laws are invalid. (*See* Dkt. 1, pp. 7-10.) The Plaintiff also appears to seek certain documents from the IRS. (Dkt. 1, pp. 11-14.) The Plaintiff

1

goes on to seek various forms of declaratory relief to challenge her obligation to pay taxes, arguing that the government may not collect any taxes from the Plaintiff.[1]

This Court lacks subject-matter jurisdiction to hear the Plaintiff's claim, as the Complaint fails to allege or establish a waiver of sovereign immunity, and the Anti-Injunction Act and federal tax exception to the Declaratory Judgment Act bar such suits.

In addition, the Plaintiff's Complaint fails to state a claim upon which relief may be granted, as the Complaint fails to plead any cognizable substantive or procedural issues concerning the Plaintiff's federal tax liabilities or the collection thereof. Finally, the Plaintiff has failed to allege or establish that she has gone through the available and required processes for retrieving the documents she requests from the IRS.

Accordingly, the United States asks that the Plaintiff's Complaint be dismissed.

## ARGUMENT

### I. Plaintiff's Complaint Must be Dismissed for Failure to Establish a Waiver of Sovereign Immunity.

"Jurisdiction over any [claim] against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted); Fed. R. Civ. P. 12(b)(1); 26 U.S.C.A. § 7422(a). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538, (1980). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192,

---

[1] Attached to the Complaint are records of the Internal Revenue Service that reflect that, as of June 13, 2022, the Plaintiff currently owes federal income taxes in excess of $427,000 for taxable years 2016 through 2020. (Dkt. 1, Ex. C.)

(1996) (*citing United States v. Williams*, 514 U.S. 527, 531, (1995). The burden is on the Plaintiff to show "that an unequivocal waiver of sovereign immunity exists . . ." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

The Plaintiff's Complaint does not set forth any statute containing an express or implied waiver of the United States' immunity from suit, and an applicable statute cannot be discerned from a reading of the Complaint. When the United States has not consented to suit, the case must be dismissed for lack of jurisdiction. *See, United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("[i]t is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction."); *Welch*, 409 F.3d at 650 (2005); *Medina v. United States,* 259 F.3d 220, 223 (4th Cir. 2001). Because there exists no waiver of sovereign immunity, the Complaint must be dismissed.

## II. To the Extent Plaintiff Seeks to Enjoin an IRS Collection Action, the Suit is Barred by the Anti-Injunction Act and the Federal Tax Exception to the Declaratory Judgment Act.

As noted above, although not altogether clear, the Plaintiff appears to assert that the IRS cannot take collection action against her, by issuing notices of federal tax liens or levies, either because she is not subject to the tax laws, or because the tax laws are invalid. (*See* Dkt. pp. 7-10.) It is unclear what form of relief the Plaintiff is seeking in connection with this assertion. First, any suggestion that the tax laws are invalid or that the Plaintiff is not subject to them is patently frivolous. As the Court of Appeals for the Fifth Circuit aptly stated, there is "no need to refute [such] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984). *See also,* IRS, *The Truth About Frivolous Tax Arguments*, (Mar. 2022),

https://www.irs.gov/privacy-disclosure/the-truth-about-frivolous-tax-arguments-introduction. Second, even if Plaintiff raised a non-frivolous claim concerning a federal tax lien or levy issued by the IRS to collect her tax liabilities, a suit to enjoin such collection activity would be barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Act's principal purpose is the "protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Effectively, the Act "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions", or declaratory relief, "prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation* (1962); 28 U.S.C. § 2201(a). Together, the two Acts generally preclude the award of declaratory and injunctive relief and confine the litigation of federal tax disputes to suits for refund.[2] *Bob Jones Univ.*, 416 U.S. at 737. A claim that falls within the prohibitions of the Anti-Injunction Act and Declaratory Judgment Act must be dismissed for lack of subject-matter jurisdiction. *Id.;* 26 U.S.C. § 7421.

In *Enochs*, the Supreme Court established a two-part jurisdictional test for judicial exceptions to the Anti-Injunction Act requiring first whether "it is clear that under no

---

[2] The statutory authority for a waiver of sovereign immunity to sue the United States for a tax refund lies in Section 1346(a)(1) (28 U.S.C.) and Section 7422(a) (26 U.S.C.). *See United States v. Michel*, 282 U.S. 656, 658 (1931). The complaint does not reference either such statute and the Plaintiff does not appear to be seeking a refund in this case.

circumstances could the Government ultimately prevail," and second whether "equity jurisdiction otherwise exists." *Enochs* at 7; *see also United States v. American Friends Service Committee*, 419 U.S. 7, 10 (1974); *Steele v. Secretary of the Treasury*, 755 F.2d 1091 (4th Cir. 1985); *Retfalvi v. Commissioner*, 216 F. Supp.3d 648 (E.D.N.C. 2016).

The Complaint generally disputes the IRS's authority to take collection action against the Plaintiff and vaguely refers to the removal or release of a levy and a lien. Therefore, it is potentially seeking injunctive relief to restrain the collection of tax. However, the action does not fall into any of the statutorily enumerated exceptions set forth in the text of the Anti-Injunction Act and fails the first prong of the *Enochs* test, in that the Plaintiff cannot show that she is virtually certain to prevail on the merits. Accordingly, her relief falls within the scope of the Anti-Injunction Act and federal tax exception to the Declaratory Judgment Act and her claims must be dismissed.

**III.     The Plaintiff Failed to State a Claim Upon Which Relief May Be Granted.**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains factual allegations that permit the court to reasonably infer the defendant is liable for the alleged misconduct. *Id*. The facts alleged "must be enough to raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, it is not entirely clear what relief the Plaintiff is requesting, as the Complaint is vague, unclear, and does not raise any cognizable substantive or procedural issues concerning the Plaintiff's federal tax liabilities or the collection thereof. Further, the Complaint largely copies, word for word, similar frivolous complaints filed against the IRS in the past, yet still fails to contain "factual allegations" unique to this instance.

*Ashcroft v. Iqbal* (2009). *See e.g., Faith v. United States*, 3:22-cv-00047, Dkt. No. 1 (W.D.Pa. 2022). Therefore, the Complaint must be dismissed.

**A. The Plaintiff has not exhausted her process for requesting documents from the IRS.**

The Plaintiff has failed to state a claim upon which relief may be granted as to numbered requests 1-23 under the Complaint section "INFORMATION REQUESTED FROM AGENT'S" because she fails to allege that she contacted the Internal Revenue Service to request the records listed before filing suit. (Dkt. 1, pgs. 11-14); *See, Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011) ("Generally, a plaintiff must exhaust her administrative remedies under FOIA before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.") (quoting *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C.Cir.2004)); *Bransgaard v. U.S.BOP Health Serv. Staff*, 2012 WL 3732822 (E.D. N.C. Aug. 28, 2012) (finding the plaintiff had not exhausted all administrative remedies under FOIA). The Internal Revenue Service has a procedure for obtaining some or all of the records that the IRS may have about her that she seeks. *See*, Internal Revenue Service, *Routine Access to IRS Records*, https://www.irs.gov/privacy-disclosure/routine-access-to-irs-records. Even if the Plaintiff had requested records the IRS may have about her that she seeks through the appropriate process and she had not received them, there is no claim for relief when taxpayers request records through this procedure. *See, Hull*, 656 F.3d 1174 (2011) (requiring that the FOIA process itself be exhausted, before a plaintiff brings suit for a records request). If the Plaintiff requested records the IRS may have about her by submitting a Freedom of Information Act ("FOIA") request to the IRS before filing suit, Plaintiff might have a claim for relief under the FOIA, however, the Plaintiff has not alleged that she

6

submitted a FOIA request to the IRS and has not otherwise properly invoked the FOIA by, for example, alleging or establishing that she exhausted her administrative remedies before filing suit. As a result, to the extent that the Plaintiff seeks records from the IRS in this matter, she has failed to state a claim on which relief can be granted. *See, Hull*, 656 F.3d 1174 (2011); *Bransgaard*, 2012 WL 3732822 (2012).

### B. Any other claims have not raised a right to relief.

Any other claims alluded to in the Complaint are patently frivolous or indecipherable and do not provide any factual allegations or valid legal basis whatsoever. As such, no other claims to relief are plausible on their face and the Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Plaintiff's Complaint be dismissed.

Date: April 22, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ *Robert J. Atras*
ROBERT J. ATRAS
JOSHUA D. ZIMBERG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
202-598-3739 (v)
202-598-3738(v)
202-514-6866 (f)
Joshua.D.Zimberg@usdoj.gov
Robert.J.Atras@usdoj.gov
*Counsel to Defendant*